sion and enjoyment under his contract of purchase. It does not appear that the defendants procured an assignment of their lease to be made to plaintiff. The landlord would not recognize and accept plaintiff as tenant, but actually began proceeding for dispossession.

It seems that the charge, upon which the whole case was left with the jury, strictly conformed with the ruling set forth in Voltz v. Blackmar, 64 N. Y. 444; and, even though the trial justice might have deemed it a case where a smaller amount than was awarded would have done better justice between the parties, yet the limit, in his opinion, being less than excessive, he had the right and thought it proper not to set aside the verdict, since so well within the peculiar province of the jury. Kiff v. Youmans, 20 Hun, 125. We think this view correct.

Judgment and order appealed from affirmed, with costs.

FITZSIMONS, C. J., concurs.

---

### PELONSKY v. C. L. PIERSON MFG. CO.

(City Court of New York, General Term. October 29, 1900.)

PLEADING—BILL OF PARTICULARS.
    Where the answer of a defendant shows that it has sufficient knowledge of all facts necessary to enable it to proceed with the trial, it is error to grant a motion for a bill of particulars.

Appeal from special term.

Action by Nathan A. Pelonsky against the C. L. Pierson Manufacturing Company. From an order requiring the plaintiff to file a bill of particulars, he appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

Myers, Goldsmith & Bronner, for appellant.
Eugene Newman, for respondent.

PER CURIAM. The answer of the defendant clearly shows that it had knowledge of all facts necessary to enable it to proceed with the trial herein. It appears to us that the demand for a bill of particulars was made, probably, to delay the speedy trial of this action, as before stated. No bill of particulars was needed to enable it to try the issues formed by the pleadings.

The order appealed from is reversed. Defendant's motion for bill of particulars denied, with $10 costs and disbursements of this appeal.